**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICIA KENNEDY,**

      **Plaintiff,**

**v.**                                                              Case No:  6:17-cv-454-Orl-31KRS

**IMDAD HAIDER IRA, LLC, SUTERA**
**RESTAURANTS, INC. and THE**
**SHERWIN-WILLIAMS COMPANY,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This matter comes before the Court *sua sponte*. For the reasons explained below, I respectfully recommend that the Court sever this case into three separate lawsuits and require Plaintiff to pay separate filing fees for each of those lawsuits.

**I.  PROCEDURAL BACKGROUND.**

On March 13, 2017, Plaintiff, Patricia Kennedy, initiated this action against three Defendants: (1) Imdad Haider Ira, LLC ("Imdad Haider") (2) Sutera Restaurants, Inc. ("Sutera") a/k/a Mamma Rosa's Pizza & Restaurant ("Mamma Rosa's"); and (3) The Sherwin-Williams Company ("Sherwin-Williams") a/k/a Sherwin-Williams Store #2197 ("Store 2197"). Doc. No. 1. She asserts claims under Title III of the Americans with Disabilities Act ("ADA") and the Florida Americans with Disabilities Accessibility Implementation Act and Florida Accessibility Code for Building Construction ("FAC") against all three Defendants. *Id.*

Plaintiff alleges that she is a qualified individual under the ADA and the FADAI because she has physical impairments that require her to use a wheelchair to ambulate. *Id.* ¶¶ 5-6. Imdad

Haider is apparently the landlord of a shopping center located at 379 Cheney Highway, Titusville, Florida. *Id.* ¶ 8. The remaining Defendants are apparently tenants at Imdad Haider's shopping center.[1] Doc. No. 1 ¶¶ 10-12. In her complaint, Plaintiff alleges that she visited the shopping center "in or about 2017" (*id.* ¶ 18) to conduct business but that she encountered various ADA and FAC violations that prevented her from having full access to the shopping center. Plaintiff divides those violations into the following categories:

- Parking violations (for which Imdad Haider is asserted to be liable) (*id.* ¶ 28(a)-(e));

- Violations at Mamma Rosa's (for which Imdad Haider and Sutera are alleged to be liable) (*id.* ¶ 28(f)-(p)); and

- Violations at Store #2197 (for which Imdad Haider and Sherwin-Williams are alleged to be liable (*id.* ¶ 28(q)-(aa)).

Based on these alleged violations, Plaintiff brings two counts (pleaded against all Defendants): (1) claims for ADA violations (Count I); and (2) claims for FAC violations (Count II).

## II.  STANDARD OF REVIEW.

Federal Rule of Civil Procedure 20(a)(2) provides that persons may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

"Courts are 'strongly encouraged' to join claims, parties, and remedies, 'and the [r]ules are

---

[1] Although the complaint does not specifically state that Imdad Haider is the landlord and that Sutera and Sherwin-Williams are tenants, the description of the property and the division of the counts against the defendants supports this conclusion. *See, e.g.*, Doc. No. 1 ¶¶ 8, 10, 12 (identifying Imdad Haider's property as the "Subject Premises" and alleging that Sutera and Sherwin-Williams own, lease, or operate businesses "on the Subject Premises"); ¶ 28 (dividing alleged ADA and FAC violations between: (1) those attributable to Imdad Haider only; (2) those attributable to Imdad Haider and Sutera; and (3) those attributable to Imdad Haider and Sherwin-Williams).

construed towards entertaining the broadest possible scope of action consistent with fairness to the parties.'" *Rhodes v. Target Corp.*, 313 F.R.D. 656, 660 (M.D. Fla. 2016) (internal quotation marks omitted) (quoting *Edward-Bennett v. H. Lee Moffitt Cancer & Research Inst., Inc.*, No. 8:13-cv-00853-T-27TGW, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013)).

Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a "logical relationship" exists between the claims. *Id.* (citing *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1301, 1323 (11th Cir. 2000), overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). That is, "there is a logical relationship when 'the same operative facts serve as the basis of both claims.'" *Republic Health,* 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.,* 598 F.2d 1357, 1361 (5th Cir. 1979)).

Although the logical relationship standard is loose, similar issues of liability alone are not enough to warrant joinder; the claims must also share operative facts. *Rhodes*, 313 F.R.D. at 659 (citing *Edwards-Bennett*, 2013 WL 3197041 at *2). Indeed, courts often sever claims brought against unrelated defendants when the only similarity between them is that they are alleged to have violated the same statute or acted in the same manner. *Bait Prods. Pty Ltd. v. Does 1-73*, No. 6:12-CV-1637-Orl-31DAB, 2012 WL 6755274, at *3 (M.D. Fla. Dec. 14, 2012), *report and recommendation adopted by*, No. 6:12-cv-1637-Orl-31DAB, Doc. No. 23 (M.D. Fla. Feb. 6, 2013) (citations omitted).

Moreover, Rule 21 provides, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Thus, while Rule 20 is construed broadly, it "does not mandate joinder, and even when joinder is permissible, courts may refuse it or may sever plaintiffs or claims." *Rhodes*, 313 F.R.D. at 659 (quoting *Nelson v. Blue Eyed Holdings, Inc.*, No. 13–60569–CIV, 2013 WL 6238056, at *4 (S.D. Fla. Dec. 3, 2013)). That is, "even if the technical requirements for joinder are met, the Court has discretion to deny joinder if it determines that the addition of a party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense[,] or delay." *Id.* (quoting *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1342 (M.D. Fla. 2013)); *see also A.L. v. Walt Disney Parks & Resorts, U.S., Inc.*, No. 6:14-cv-1544-Orl—22GJK, Doc. No. 94, at 2 (M.D. Fla. Oct. 30, 2014) (citations omitted) (noting that the court has broad and inherent discretion to manage its docket by among other tools, severing claims).

### III.   ANALYSIS.

Landlords and tenants are jointly liable for Title III ADA violations. *See, e.g.*, *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). Thus, it is likely appropriate for a single landlord and a single tenant to be joined as defendants in a lawsuit alleging Title III ADA violations on the tenant's premises—for example, for Imdad Haider and Sutera to be joined as defendants in an action alleging ADA violations at Mamma Rosa's. *Id.* (reversing dismissal of Title III ADA claims against landlord and single tenant for improper joinder); *see also Kennedy v. Skyview Plaza, LLC*, No. 6:16-cv-2128-Orl-22KRS, Doc. No. 25, at 4-5 (M.D. Fla. Jan. 26, 2017), *report and recommendation adopted by* Doc. No. 29 (M.D. Fla. Feb. 14, 2017). I am, however, unaware of any authority establishing that individual tenants are jointly liable for *each other's* ADA violations—for example, that Sutera would be jointly liable for an ADA violation that occurred at

Sherwin-Williams Store # 2197.  Thus, while Plaintiff is asserting a right to relief jointly against two separate landlord-tenant pairings, she is not asserting any right to relief jointly against *all* of the Defendants, and it is not entirely clear that "any right to relief is asserted against [defendants who are joined in one action] jointly, severally, or in the alternative," as required by Rule 20(a)(2)(A).[2]

Regardless, assuming that the presence of two separate joint actions in one lawsuit is enough to satisfy Rule 20(a)(2)(A), I recommend that the Court find that joinder is not appropriate in this case because all of the claims do not arise out of "the same transaction, occurrence, or series of transactions or occurrences."  Rather, this lawsuit involves three logically distinct and factually separate transactions, occurrences, or series of transactions of occurrences, as detailed in the complaint: (1) the parking lot violations asserted against Imdad Haider alone; (2) the violations on the premises of Mamma Rosa's (asserted against Imdad Haider and Sutera); and (3) the violations on the premises of Store #2197 (asserted against Imdad Haider and Sherwin-Williams).  These groups of claims do not meet the "logical relationship" test because the operative facts of all three groups of claims are different—for example, the unsecured mat alleged to be present at Store # 2197 has no relationship to the lack of a lowered service counter at Mamma Rosa's.  Ultimately, this lawsuit involves nothing more than allegations that three separate groupings of defendants violated the same laws.  As explained above, standing alone, this is not enough to warrant joinder of claims. *See Rhodes*, 313 F.R.D. at 659 (citing *Edwards-Bennett*, 2013 WL 3197041 at *2); *Bait Prods. Pty Ltd.*, 2012 WL 6755274, at *3.  Moreover, the fact that Plaintiff encountered these accessibility

---

[2] I note that, unlike the complaint in *Kennedy v. Skyview Plaza, LLC*, No. 6:16-cv-2128-Orl-22KRS, Doc. No. 1, Plaintiff has structured this complaint to state only two counts—one alleging ADA violations against "all Defendants" and one alleging FAC violations against "all Defendants."  Plaintiff's own detailed listing of ADA and FAC violations, however, shows that she is not alleging that all Defendants are liable for all ADA and FAC violations.  Rather, she has divided up the ADA and FAC violations into three categories, as described above.  *See* Doc. No. 1 ¶ 28.  Plaintiff should not be able to use what amounts to a "shotgun" pleading device in her counts to transform this case into one that meets Rule 20(a)(2)(A)'s requirement that that "any right to relief is asserted against them jointly, severally, or in the alternative."

barriers at the same multi-tenant shopping center is not enough to transform fundamentally separate ADA and FAC violations into "the same transaction, occurrence, or series or transactions or occurrences." Plaintiff encountered separate ADA and FAC violations at each tenant's location, and her injuries at each location were distinct. *See Rush*, 779 F.3d at 975 (noting that the district court may have been correct in holding that two tenants of the same shopping center were misjoined to a Title III ADA claim against a landlord and another tenant of the shopping center because the plaintiff's injuries at each were distinct and independent from one another and she did not allege any legal relationship between them); *Kennedy*, No. 6:16-cv-2128-Orl-22KRS, Doc. No. 25, at 6, *report and recommendation adopted by* Doc. No. 29 (severing Title III ADA and FAC claims asserted against the landlord of a shopping center and its tenants).[3]

Finally, even if I assume that Plaintiff's claims meet the technical requirements for joinder under Rule 20, I recommend that the Court exercise its discretion and sever the claims because keeping the claims in one lawsuit does not serve the purposes of joinder and because of the potential for prejudice, expense, or delay. As explained above, this lawsuit currently involves three parallel sets of ADA and FAC violations. All three sets involve separate facts, and the Defendants may raise separate defenses. The presence of multiple, unrelated defendants may lead to individualized discovery disputes and summary judgment motions that threaten to derail the progress of other claims in the case and prejudice some of the Defendants—for example, if litigation of the claims involving Sutera involves prolonged discovery disputes that necessitate altering case management deadlines, the claims against *all* of the other Defendants will be delayed. At the very least, case

---

[3] The only possible relationship between these violations is that they may have occurred on the same day (although the complaint does not so allege). Even assuming this to be true, however, the fact that the violations were encountered on the same day does not change the fact that they are distinct violations. The day the violations occurred is not an "operative fact" that is relevant for purposes of the logical relationship test in this case.

management in what amounts to three separate lawsuits involving multiple sets of unrelated Defendants will be very difficult—if not impossible—for the Court.  *See Bait Prods. Pty Ltd.*, 2012 WL 6755274 at *7 (noting the case management concerns associated with multi-defendant litigation and recommending severance).

Although I recognize that severing the cases may create some additional expense for Plaintiff (in the form of additional filing fees and duplicated attorney work), Plaintiff may recover the filing fee and attorney's fees from Defendants if she prevails in this litigation, thereby minimizing that additional burden.  *See* 42 U.S.C. § 12205; *see also Bait Prods. Pty Ltd.*, 2012 WL 6744274 at *7 (noting that plaintiff could recover filing fees and attorneys' fees if successful with its claims).[4] Any claim that severing the cases will delay Plaintiff's ability to gain access to the properties at issue in this case is also unfounded—it is equally likely that severing the cases will allow her to resolve some of her claims against some of the Defendants more quickly, without having to wait for the resolution of all three cases.

For these reasons, I recommend that the Court sever Plaintiff's claims into three separate lawsuits.  *See also Kennedy*, No. 6:16-cv-2128-Orl-22KRS, Doc. No. 25, *report and recommendation adopted by* Doc. No. 29 (severing Title III ADA and FAC claims asserted against the landlord of a shopping center and its tenants).  The law requires that Plaintiff pay a filing fee for each of the severed claims when those claims are filed in new cases.  *See Malibu Media, LLC v. Does 1-28*, 295 F.R.D. 527, 534 (M.D. Fla. 2012) (citing 28 U.S.C. § 1914(a)).

---

[4] Any claim that Imdad Haider will be prejudiced if the claims are severed would also be overstated. While Imdad Haider will find itself a defendant in three separate actions, the facts of the actions are so distinct that Imdad Haider's duplication of effort should be minimal.  Indeed, it is equally likely that Imdad Haider will find it easier to deal with one Defendant at a time, rather than trying to coordinate with both of the Defendants on every issue that may arise.

**IV.     RECOMMENDATIONS.**

For the reasons stated I above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

(1) Sever this case into separate lawsuits, as specified below, with the claims Plaintiff asserts jointly against Imdad Haider and Sutera remaining in the instant case;

(2) Require Plaintiff to file an amended complaint in this case that asserts only the claims she pursues jointly against Imdad Haider and Sutera;

(3) Require Plaintiff to file separate actions for the remainder of her claims and to pay a filing fee for each new case.  If Plaintiff continues to assert the claims alleged in the current complaint, the separate actions should be filed as follows:

   a. One action asserting the claims she pursues jointly against Imdad Haider and Sherwin-Williams; and

   b. One action asserting only the claims for which Imdad is solely liable (the parking violations identified in Paragraph 28(a)-(e) of the current complaint).

(4) Require the Clerk of Court to advise chambers when the severed claims are filed as new cases so that the Court may consider whether to consolidate all cases filed pursuant to this Order before the same District Judge and Magistrate Judge.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 23, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE
